IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ALONZO HODGES,                          )
                        Plaintiff,      )
                                        )
        vs.                             )       Civil Action No. 13-1600
                                        )       Chief Magistrate Judge Maureen P. Kelly
SHELLY MANKEY, *Unit Manager*;          )
BRIAN COLEMAN, *Superintendent*;        )
JOSEPH TREMPUS, *Intelligence Captain*; )       Re: ECF No. 29
DORINA VARNER, *Chief Secretary's*      )
*Office of Inmate Grievances & Appeals*,)
                        Defendants.     )


## MEMORANDUM ORDER


In this *pro se* prisoner civil rights action, Plaintiff has filed a Motion to Compel

Discovery (ECF No. 29), seeking a response to a subpoena served on a non-party, and without

notice to Defendants.  In particular Plaintiff seeks documents relative to his confinement and

eventual transfer from the Pennsylvania State Correctional Institution at Fayette ("SCI-Fayette")

to the State Correctional Institution at Albion ("SCI-Albion"), including Vote Sheets, with

counselor's comments (Form DC-46); his Cumulative Adjustment Form with regard to his "Z-

Code" status (Form DC-14); and, his cell history for the month of July 2011 and from 1997-

2007.  A subpoena to obtain these records was served on "Mr. Brumagin," who is not a party to

this action, and who informed Plaintiff he could not produce the requested records, but that

Plaintiff would have to "go above his head." (ECF No. 30, p.2).  Plaintiff then submitted internal

facility "request slips" "informing" Mr. Brumagin of his purported obligation to comply with

Plaintiff's requests.  In the absence of compliance with his requests, Plaintiff has filed the

pending Motion.


1

Defendants oppose the Motion to Compel on two grounds. First, Plaintiff has not

complied with the required notice provisions set forth in Rule 45(a)(4) of the Federal Rules of

Civil Procedure, requiring service of discovery requests on each party through counsel. Second,

Defendants note that the requested documents contain "sensitive information," the disclosure of

which "may pose a risk to the security of the institution and the safety of staff and inmates."

(ECF No. 33).

Inasmuch as it appears that Plaintiff has failed to comply with Rule 45(a)(4) and serve

any discovery requests upon each party through counsel, Plaintiff's Motion to Compel is

DENIED, without prejudice. Should Plaintiff submit discovery to Defendants through counsel

as required under the Federal Rules of Civil Procedure, the Court cautions Plaintiff to tailor his

requests in light of the privileged nature of the requested information.

This Court has previously determined that Vote Sheets and Cumulative Adjustment

Records typically are not provided to prisoner plaintiffs, because production may permit an

"prisoner to not only manipulate his programming and treatment, but enable him to retaliate

against staff members who have provided information in the documents and impede the staff

from being candid." Mearin v. Folino, No. 11-571, 2012 WL 4378184 at *2 (W.D. Pa. Sept. 24,

2012); and see Banks v. Beard, No. 3:CV-10-1480, 2013 WL 3773837, at *4 (M.D. Pa. July 17,

2013). In Banks, with regard to the identical information sought in this action, the Court noted as

follows:

> As concerns the transfer petitions and related documentation, Secretary Wetzel
> explains that "a transfer petition is an administrative investigation to determine
> whether a particular inmate is a suitable candidate to be transferred to another
> facility or setting." (Doc. 99–2, ¶ 10.) Accompanying documentation "contains
> analysis and evaluation of the specific inmate's programming and prison
> adjustment, including security classification information, substance abuse, mental
> health or medical history and needs, programming needs, behavioral adjustment,
> whether separations exist for that inmate, criminal history record information, and

Department staff rationale leading to the particular request for transfer." (Id. at ¶ 12.) This information may only be accessed by individuals with appropriate clearance. (Id. at ¶ 13.) Secretary Wetzel represents that disclosure of the methods and factors compiled and reviewed in transfer petitions poses a number of security risks including, inter alia, that it may allow an inmate to manipulate behavior and procedures to obtain future favorable transfer decisions, provide access to confidential investigatory information compiled by the DOC, spark possible retaliation by inmates against staff upon being made aware of unfavorable information, result in release of confidential mental health, medical substance abuse, sexual or violent histories to members of the public and other inmates, and facilitate usage of the information to harass or assault an inmate that may be considered vulnerable based on mental health history, medical concerns or sexually violent behaviors. (Id. at ¶ 14(a), (c), (d), (g), (h).) Because it is clear that providing plaintiff with the transfer petition would create a security risk, plaintiff's motion will be denied as to this request.

Id. To the extent Plaintiff contends such information is relevant to his First Amendment retaliation claims, he may seek production limited in time, and subject to appropriate redaction of confidential information to eliminate well-founded security concerns regarding the potential for retaliation against specific staff members and possible manipulation of the conditions of Plaintiff's confinement. See, Bracey v. Price, C.A. No. 09-1662 at ECF No. 75; Bailey v. McMahon, No. 07-2238, 2012 WL 1246147 *9 (M.D. Pa. April 12, 2012)(information in DC-14, DC-15 and similar reports typically contain information that, if divulged to inmates, would threaten the orderly operation of the prison as well as the security of the inmates, staff members and the public, accordingly, DOC defendants directed to produce only the portions of the files that are relevant to his claims and not confidential). Further, to the extent such information is redacted, he may request that an unredacted copy of the documents be produced to the Court for *in camera* inspection.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery (ECF No. 29) is DENIED without prejudice.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of

Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within

thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk

of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.


                              BY THE COURT:


                              /s/ Maureen P. Kelly
                              MAUREEN P. KELLY
                              CHIEF UNITED STATES MAGISTRATE JUDGE


Dated: March 16, 2015


cc:     All counsel of record by Notice of Electronic Filing

        Alonzo Hodges
        DA-2951
        SCI Albion
        10745 Route 18
        Albion, PA 16475-0001