IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALONZO HODGES, )
               Plaintiff, )
) Civil Action No. 13-1600
vs. ) Chief Magistrate Judge Maureen P. Kelly
)
SHELLY MANKEY, *Unit Manager*; )
BRIAN COLEMAN, *Superintendent*; ) Re: ECF Nos. 49 and 62
               Defendants. )

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging violation of his rights under the United States Constitution arising out of his transfer from the Pennsylvania State Correctional Institution at Fayette ("SCI-Fayette") to the State Correctional Institution at Albion ("SCI-Albion").

Presently before the Court are two Motions for Summary Judgment: one, filed by Plaintiff Alonzo Hodges ("Plaintiff"), ECF No. 49, and one filed by Defendants Shelly Mankey and Brian Coleman (collectively, "Defendants"), ECF No. 62.

For the following reasons, Plaintiff's Motion for Summary Judgment, ECF No. 49, is denied and Defendants' Motion for Summary Judgment, ECF No. 62, is granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was transferred on or about August 4, 2011, from SCI-Fayette to SCI-Albion. ECF No. 7 ¶¶ 42-44. This was a separation transfer. ECF No. 65-2 at 2. This action is based on

Plaintiff's allegations that the transfer was effected in retaliation for his filing of multiple complaints against prison employees and seeking new information on the prison medical staff via "Right to Know Law" requests. ECF No. 7 ¶¶ 41, 48. Prison authorities informed Plaintiff that his transfer was based on his actions in acquiring non-public information on a staff member and providing that information to other inmates. ECF No. 7-19 at 1; ECF No. 7-21 at 1; ECF No. 7-23 at 1. It is undisputed that Plaintiff obtained the college transcript of Defendant Shelly Mankey and used it to file his own grievance as well to help other inmates file grievances. ECF No. 52 ¶¶ 26-27.

Plaintiff's Complaint was filed on January 7, 2014. ECF No. 7. Defendants filed a Motion to Dismiss for Failure to State a Claim on April 30, 2014. ECF No. 19. On December 22, 2104, this Court issued an Opinion and Order granting in part and denying in part the Motion to Dismiss. ECF No. 22. At that time, two defendants, Donna Varner and Joseph Trempus, were terminated from the case. Id.

The remaining two defendants, Shelly Mankey and Brian Coleman, filed their Answer on January 12, 2015. ECF No. 24. Plaintiff filed his Motion for Summary Judgment and supporting documents on May 8, 2015. ECF Nos. 49-52. Defendants filed their Responses thereto on June 11, 2015. ECF Nos. 55-56. Defendants filed their Motion for Summary Judgment and supporting documents on July 21, 2015. ECF Nos. 62-65. Plaintiff filed his Responses thereto on August 20, 2015. ECF Nos. 67-68. The Motions for Summary Judgment are now ripe for review.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991). When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. EEOC v. Allstate Ins., 778 F.3d 444, 448 (3d Cir. 2015).

In order to avoid summary judgment, a party must produce evidence to show the existence of every element essential to the case that it bears the burden of proving at trial; "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the nonmoving party fails to make a sufficient showing on any essential element of its case, the moving party is entitled to judgment as a matter of law. Id.

## III. DISCUSSION

### A. Personal Involvement

An actionable civil rights claim under Section 1983 has two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that

3

said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown to have been personally involved in the events or occurrences which underlie a claim. Id. "[P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Id.

### 1. Defendant Shelly Mankey

Defendant Shelly Mankey was, at the relevant time, a Unit Manager for the unit in which Plaintiff resided at SCI-Fayette. ECF No. 52 ¶ 4; ECF No. 56, ¶ 4. Defendants argue that Defendant Mankey is entitled to summary judgment because Plaintiff cannot establish her personal involvement in his transfer. Plaintiff responds:

> Shelly Mankey and Brian Coleman, with a history of antagonism and conflict with plaintiff, after Mankey illegally removed plaintiff's z-code, acted in concert together to get me transferred out of Fayette.
>
> Mankey and Coleman claimed I put her safety in jeopardy because I supplied two inmates with copies of her transcripts. Mankey felt threatened with me there, so a separation was initiated to transfer me out of Fayette. Security in response to my grievance, #356506. See exhibits #19 & #21, (Comp.). Thus, Mankey is at the heart of this action because there wouldn't be a separation or problem without her and her actions. So it is without question she is involved with my transfer. Defendants exhibit 2 (from their summary judgment motion) also attests to that fact.

ECF No. 67 at 2-3.

The documents to which Plaintiff cites do not support his claim of Defendant Mankey's involvement in Plaintiff's transfer. There is no mention of Defendant Mankey's name therein. It may be extrapolated from the responses to Plaintiff's grievance and appeal thereof that Plaintiff's actions in regards to Defendant Mankey's college transcripts are the stated basis for his transfer, *i.e.*, that she is the unnamed staff member who was placed in possible jeopardy by Plaintiff's use of sensitive information. See ECF No. 7-19 at 1; ECF No. 7-21 at 1. However, there is simply no showing that Defendant Mankey was personally involved in the decision to transfer him to another facility, which is the basis for Plaintiff's Section 1983 claim. Defendant Mankey is thus entitled to judgment as a matter of law.

Accordingly, Plaintiff's Motion for Summary Judgment is denied as to Defendant Mankey. Defendants' Motion for Summary Judgment is granted as to Defendant Mankey.

### 2. Defendant Brian Coleman

Defendant Brian Coleman is the Superintendent at SCI-Fayette. ECF No. 53 ¶ 3; ECF No. 56 ¶ 3. Defendants argue that Defendant Coleman is entitled to summary judgment because Plaintiff cannot establish Defendant Coleman's personal involvement in Plaintiff's transfer. Plaintiff responds:

> Coleman as superintendent approves transfers out of the facility, especially security issues, or his designee. Pursuant to policy the superintendent will designate someone to sign or respond for them, hence the term "designee." . . . In fact, defendant's own exhibit #2 (summary judg.) transfer request petition which explains the reason for my transfer, evidences Deputy Gate ("designee") signed for the superintendent [a]nd with our history of conflict and antagonism it is absolutely Mr. Coleman's actions which led to my transfer.
>
> The superintendent knew of my RTKL requests seeking information on medical department and personnel. Any documents I received from the RTKL I submitted that information on grievances as evidence, after making

> copies. . . . The evidence and the record in this case clearly show defendants' involvement in retaliatory conduct against me for exercising my First Amendment rights.

ECF No. 67 at 3-4 (DOC policy quotation omitted; citations to RTKL responses omitted).

Plaintiff's transfer order[1] was signed by "Deputy Gates for Superintendent Coleman." ECF No. 65-2 at 2. Defendant Coleman has submitted a declaration in which he states: "I was not involved in [Plaintiff's] transfer. I was not available on the day the vote sheet was circulated and a Deputy signed off on the transfer." ECF No. 65-1 ¶ 7.

Plaintiff has advanced his belief that Defendant Coleman took some action to effect Plaintiff's transfer. However, Plaintiff has not made any showing as to what the specific action was and when it was taken. It is undisputed that Defendant Coleman's designee signed off on the transfer. Plaintiff points to no evidence to establish that Defendant Coleman directed that the transfer be made or that he had actual knowledge of and acquiescence to it. Plaintiff has made an insufficient showing of Defendant Coleman's personal involvement in the transfer which is the basis for Plaintiff's Section 1983 claim. Defendant Coleman is thus entitled to judgment as a matter of law.

Accordingly, Plaintiff's Motion for Summary Judgment is denied as to Defendant Coleman. Defendants' Motion for Summary Judgment is granted as to Defendant Coleman.

### B. Other Arguments

Both parties advance additional arguments in support of their Motions; however, as the personal involvement analysis is dispositive of the Motions, it is not necessary to discuss any other argument.

---

[1] The parties appear to agree that this exhibit is part of the transfer order. It is heavily redacted and it is page 2 of 2.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, ECF No. 49, is denied and Defendants' Motion for Summary Judgment, ECF No. 63, is granted.

## ORDER

AND NOW, this 16th day of November, 2015, Plaintiff's Motion for Summary Judgment, ECF No. 49, is DENIED and Defendants' Motion for Summary Judgment, ECF No. 62, is GRANTED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days of the docketing of the entry of the Judgment Order, filed this day, by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: November 16, 2015

cc: Alonzo Hodges
DA-2951
SCI Albion
10745 Route 18
Albion, PA 16475-0001

All Counsel of Record Via CM-ECF